Brian S. Campf, OSB #92248
Bcampf@wdolaw.com
Thomas B. Powers, OSB #98393
Tpowers@wdolaw.com
Law Offices of Williams Love O'Leary Craine & Powers, P.C.
1001 S.W. 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
(503) 295-2924
(503) 295-3720 (Facsimile)
Of Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON

AUTUMN PARTNERS, LLC, individually and on behalf of itself and all others similarly situated,

    Plaintiff,

v.

LATTICE SEMICONDUCTOR CORP., CYRUS Y. TSUI and STEPHEN A. SKAGGS,

    Defendants.

Case No.:

**SECURITIES FRAUD CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff, individually and on behalf of all other persons or entities similarly situated, by its undersigned attorneys, for its complaint, alleges upon personal knowledge as to itself and its own acts, and upon information and belief as to all other matters, based upon, *inter alia,* the investigation made by and through its attorneys, which investigation included, among other things, a review of the public documents, Securities and Exchange Commission ("SEC") filings, analyst reports, news releases and media reports of Lattice Semiconductor Corp. ("Lattice" or the "Company"), as follows:

Page 1 - **SECURITIES FRAUD CLASS ACTION COMPLAINT**

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
503/295-2924
503/295-3720 (facsimile)

## JURISDICTION AND VENUE

1.      The claims alleged herein arise under Sections 10(b) and 20 of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t, and Rule 10b-5, 17 C.F.R. § 240.10b-5 promulgated thereunder.

2.      The jurisdiction of this Court is based on Section 27 of the Exchange Act, 15 U.S.C. § 78aa and 28 U.S.C. § 1331 (federal question jurisdiction).

3.      Many of the acts alleged herein, including the dissemination to the investing public of the misleading statements at issue, occurred in substantial part in this District. Lattice maintains its executive offices at 5555 N.E. Moore Court, Hillsboro, Oregon.

4.      In connection with the acts, transactions and conduct alleged herein, defendants used the means and instrumentalities of interstate commerce, including the United States mails, interstate telephone communications and the facilities of national securities exchanges and markets.

## THE PARTIES

5.      Plaintiff purchased shares of Lattice common stock during the Class Period, as set forth in the accompanying Certification, and has been damaged as a result of defendants' conduct as alleged herein.

6.      Defendant Lattice is a Delaware corporation that maintains its principal offices in Hillsboro, Oregon. The Company designs, develops and markets high speed programmable logic devices. As of May 12, 2004, Lattice had issued and outstanding 113.1 million shares of common stock. The Company's stock trades on the NASDAQ Exchange, an efficient market.

Page 2 - **SECURITIES FRAUD CLASS ACTION COMPLAINT**

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
503/295-2924
503/295-3720 (facsimile)

7. Defendant Cyrus Y. Tsui ("Tsui") was at all relevant times, Lattice's Chairman and Chief Executive Officer. Tsui was a signatory to many of the SEC filings described herein.

8. Defendant Stephen A. Skaggs ("Skaggs") was, at all relevant times, Lattice's Chief Financial Officer and became President in December, 2003.

9. Defendants Tsui and Skaggs are collectively referred to as the "Individual Defendants".

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of all persons who purchased Lattice common stock during the period from April 22, 2003 through April 19, 2004, inclusive (the "Class Period") and who were damaged thereby. Excluded from the Class are the Company, its officers and directors, employees, affiliates, legal representatives, heirs, predecessors, successors and assigns, and any entity in which the Company has a controlling interest or of which the Company is a parent or subsidiary.

11. The members of the Class are located in geographically diverse areas and are so numerous that joinder of all members is impracticable. The Company has over 130 million shares of common stock outstanding. While the exact number of Class members is unknown to the plaintiff at this time and can only be ascertained through appropriate discovery, plaintiff believes there are, at a minimum, thousands of members of the Class who held Company stock.

Page 3 - **SECURITIES FRAUD CLASS ACTION COMPLAINT**

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
503/295-2924
503/295-3720 (facsimile)

12. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

    a) Whether defendants engaged in acts or conduct in violation of the federal securities laws as alleged herein;

    b) Whether defendants had a duty to disclose certain information;

    c) Whether defendants acted knowingly or recklessly in making materially false and misleading statements or in failing to correct such statements upon learning that they were materially false and misleading during the Class Period;

    d) Whether the market prices of the Company's common stock during the Class Period were artificially inflated because of defendants' conduct complained of herein; and

    e) Whether the members of the Class have sustained damages and, if so, what the proper measure of damages is.

13. The plaintiff's claims are typical of the claims of the members of the Class as plaintiff and members of the Class sustained damages arising out of defendants' wrongful conduct in violation of federal law as complained of herein.

14. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

15. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members of the Class is impracticable. Furthermore, because the damages suffered by individual Class members may be relatively small,

Page 4 - **SECURITIES FRAUD CLASS ACTION COMPLAINT**

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
503/295-2924
503/295-3720 (facsimile)

the expense and burden of individual litigation make it impossible for the Class members individually to redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## Fraud on the Market Presumption

16. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

   a) Defendants made public misrepresentations or failed to disclose material facts regarding Lattice's financial results during the Class Period;

   b) the omissions and misrepresentations were material;

   c) the securities of the Company traded on the NASDAQ Exchange, an efficient and open market;

   d) the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

   e) Plaintiff and the members of the Class purchased their Lattice stock between the time defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the misrepresented facts.

17. Lattice trades on the NASDAQ Exchange. The Company is followed by numerous analysts and market makers, including Banc of America, Piper Jaffray & Co., and Morgan Stanley. The price of Lattice's stock reflects the effect of news disseminated in the market.

18. Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

///

Page 5 - **SECURITIES FRAUD CLASS ACTION COMPLAINT**

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
503/295-2924
503/295-3720 (facsimile)

### The Safe Harbor Provision is Inapplicable

19.     The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this complaint. The statements alleged to be false and misleading herein all relate to then-existing facts and conditions. In addition, to the extent certain of the statements alleged to be false may be characterized as forward-looking, they were not adequately identified as "forward-looking statements" when made, there were no statements made with respect to any of those representations forming the basis of the complaint that actual results "could differ materially from those projected," and there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements. Alternatively, to the extent that the statutory safe harbor is intended to apply to any forward-looking statements pleaded herein, defendants are liable for those false forward-looking statements because at the time each of those forward-looking statements was made, the particular speaker had actual knowledge that the particular forward-looking statement was materially false or misleading, and/or the forward-looking statement was authorized and/or approved by an executive officer of Lattice who knew that those statements were false when made.

### SUBSTANTIVE ALLEGATIONS

20.     On or about April 22, 2003, Lattice issued a press release announcing its financial results for the first quarter ended March 31, 2003 ("April 22 press release"). In the April 22 press release, Lattice announced revenue of $58.3 million and a net loss of $18.8 million or $0.17 per share, compared with revenue of $58.9 million and a net loss of $25.6

Page 6 - **SECURITIES FRAUD CLASS ACTION COMPLAINT**

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
503/295-2924
503/295-3720 (facsimile)

million or $.23 per share for the same period in the prior year. The Company also noted Deferred Income of $13.1 million, compared with $11.9 million in the prior year.

21.   Thereafter, on or about May 12, 2003, Lattice filed a Form 10-Q for the quarter ended March 31, 2003 with the SEC ("1Q03 10Q"). The 1Q03 10Q was signed by defendant Skaggs and certified by both Individual Defendants as being in compliance with the provisions of the Sarbanes-Oxley Act of 2002. The 1Q03 10Q reiterated the financial results reported in the April 22 press release.

22.   In the 1Q03 10Q, Lattice noted in the "Notes to Consolidated Condensed Financial Statements" that the financial statements:

> "…include all adjustments, consisting of only normal recurring adjustments necessary for the fair statement of results for the interim periods…"

23.   The April 22 press release and the 1Q03 10Q were materially false and misleading as set forth in paragraph 39 below.

24.   Subsequently, on July 21, 2003, Lattice issued a press release announcing its financial results for the second quarter ended June 30, 2003 (the "July 21 press release"). In the July 21 press release, Lattice announced revenue of $58.2 million and a net loss of $16.9 million or $.15 per share, compared with revenue of $58.2 million and net loss of $16.9 million or $.17 per share for the same period in the prior year. The Company also noted Deferred Income of $8.7 million compared with Deferred Income of $11.98 million at December 31, 2002.

25.   Thereafter, on or about August 8, 2003, Lattice filed its Form 10-Q for the quarter ended June 30, 2003 with the SEC ("2Q03 10Q"). The 2Q03 10-Q reiterated the

Page 7 - **SECURITIES FRAUD CLASS ACTION COMPLAINT**

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
503/295-2924
503/295-3720 (facsimile)

financial results reported in the July 21 press release, was signed by defendant Skaggs, and certified by both Individual Defendants that it was in compliance with the Sarbanes-Oxley Act of 2002.

26. As with the 1Q03 10Q, the 2Q03 10Q stated that it contained in all adjustments necessary to fairly present the financial position of the Company as set forth above in paragraph 22.

27. On October 20, 2003, Lattice issued a press release announcing its financial results for the third quarter ended September 30, 2003 (the "October 20 press release"). The Company reported revenue of $51 million and a net loss of $21.9 million or $.20 per share compared with revenue of $56.1 million and a net loss of $14.4 million or $.13 per share for the same period in the prior year. The Company noted Deferred Income of $6.4 million compared with $11.9 million at December 31, 2002.

28. On or about November 12, 2003, Lattice filed its Form 10-Q for the quarter ended September 30, 2003 with the SEC ("3Q03 10Q"). The 3Q03 10Q reiterated the financial information contained in the October 20 press release, was signed by defendant Skaggs and certified by both Individual Defendants as being in compliance with the Sarbanes-Oxley Act of 2002.

29. In the 3Q03 10Q, Lattice again noted that the financial information fairly presented its financial condition, as set forth above in paragraph 22.

30. After the close of market trading on January 22, 2004, Lattice issued a press release announcing it planned to release year-end 2003 financial results in the latter part of February, 2004. According to the press release:

Page 8 - **SECURITIES FRAUD CLASS ACTION COMPLAINT**

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
503/295-2924
503/295-3720 (facsimile)

> Recently, management became aware of a possible overstatement of the Company's Deferred Income Account. Deferred Income is a balance sheet account representing the Company's judgment as to the potential gross margin on inventory held by the Company's distributors. Because the Company's accounting policy is to delay recognition of sales to distributors until the product is resold to end customers, a common practice in the semiconductor industry, the Company must use a variety of estimates to determine the Deferred Income Account balance.

31. On this news, the price of Lattice stock fell from its January 22, 2004 closing price of $12.36 per share to close at $11.73 per share on January 23, 2004 and to the $10 per share range in the following week.

32. However, the entirety of the adverse information had still not been disclosed. On March 1, 2004, Lattice issued another press release announcing plans to release 2003 year-end results in mid-March, 2004. On March 2, 2004, Lattice stock closed at $10 per share.

33. On March 18, 2004, Lattice issued a press release announcing it had still not completed its review of the accounting of Deferred Income, but that "...the Company has concluded that the deferred income account became overdepleted during 2003." The press release continued:

> Consequently, the Company anticipates restatement of its first, second and third quarter 2003 financial statements. The Company currently believes the restatement will result in a reduction of 2003 year-to-date revenue of approximately $10 to $11 million, a reduction of 2003 year-to-date cost of sales of approximately $1.5 to $2 million and an increase of 2003 year-to-date net loss of approximately $8.5 to $9.5 million. The review will also conclude upon approximate corrective measures.

Page 9 - **SECURITIES FRAUD CLASS ACTION COMPLAINT**

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
503/295-2924
503/295-3720 (facsimile)

34. On March 24, 2004, Lattice finally released its financial results for the fourth quarter and year ended December 31, 2003. The March 24, 2004 press release also preliminarily disclosed the effect of the restatement on the first nine months of 2003, as follow:

March 2003 Quarter

|                    | Reported        | Restated        |
|--------------------|-----------------|-----------------|
| Revenues           | $58.3 million   | $57.3 million   |
| Cost of Sales      | $23.2 million   | $23.0 million   |
| Net Loss           | ($18.8 million) | ($19.7 million) |
| Net Loss Per Share | ($.17)          | ($.18)          |
| Deferred Income    | $13.1 million   | $13.9 million   |
| Retained Earnings  | $76.3 million   | $75.5 million   |

June 2003 Quarter

|                    | Reported        | Restated        |
|--------------------|-----------------|-----------------|
| Revenues           | $58.2 million   | $56.6 million   |
| Cost of Sales      | $23.3 million   | $23.0 million   |
| Net Loss           | ($16.9 million) | ($18.2 million) |
| Net Loss Per Share | ($.15)          | ($.16)          |
| Deferred Income    | $8.8 million    | $9.6 million    |
| Accounts Payable   | $31.2 million   | $32.5 million   |
| Retained Earnings  | $59.4 million   | $57.3 million   |

September 2003 Quarter

|                    | Reported        | Restated        |
|--------------------|-----------------|-----------------|
| Revenues           | $51 million     | $43 million     |
| Cost of Sales      | $20.7 million   | $19.4 million   |
| Net Loss           | ($21.9 million) | ($28.7 million) |
| Net Loss Per Share | ($.20)          | ($.26)          |
| Deferred Income    | $6.4 million    | $9.8 million    |
| Accounts Payable   | $28.9 million   | $34.4 million   |
| Retained Earnings  | $37.5 million   | $28.6 million   |

35. Thus, revenue declined by 7% over the nine month period as a result of the restatement, while the net loss increased by an additional $9 million.

36. In the March 24 press release, the Company attributed the restatement to "inappropriate accounting entries made, by an individual in the Company's finance department

Page 10 - **SECURITIES FRAUD CLASS ACTION COMPLAINT**

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
503/295-2924
503/295-3720 (facsimile)

and deficiencies in the design and operation of internal accounting controls related to the deferred income account."

37.  In the March 24 press release, defendant Tsui stated:

> We are disappointed with the restatement of our 2003 quarterly financial results. However, we have performed an accounting review, made improvements in our method of accounting for Deferred Income and are measuring improvements in our internal controls under the guidance of our Audit Committee.

38.  On April 19, 2004, the Company filed amended Form 10Qs for the first three quarters of 2003. Following the filing, the price of Lattice stock fell from $8.95 on April 19, 2004 to close at $8.50 per share on April 30, 2004. The Company's shares continued to fall after the news, now trading in the range of $4.50, significantly lower than they did during the Class Period.

**Defendants Misrepresented and Failed to Disclose Material Facts**

39.  In knowing or reckless disregard of the truth and/or as part of their ongoing efforts to continue the illusion of Lattice's growth in the industry, defendants issued and/or participated in the issuance of materially false and misleading statements and financial information to the investing public, as particularized above. These representations were materially false and misleading when made for the reasons set forth herein in that they falsely stated and/or failed to disclose the following material, adverse facts about Lattice's business and financial condition, which acts were known to or recklessly disregarded by defendants that:

a)  The 2003 Forms 10Q along with the corresponding press releases, which the Individual Defendants caused the Company to file and issue during the Class Period, were the result of fraudulent financial manipulations which deceived the investing public, who

Page 11 - **SECURITIES FRAUD CLASS ACTION COMPLAINT**

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
503/295-2924
503/295-3720 (facsimile)

purchased Lattice securities based upon those representations and contained financial information which materially understated accounts payable;

    b)  Defendants falsely represented that Lattice complied with generally accepted accounting principles ("GAAP"), when, in fact, the Company improperly overstated Deferred Income and understated accounts payable in the 2003 Forms 10Q resulting in the overstatement of earnings by a material amount; and

    c)  Defendants falsely represented in the 2003 Forms 10Q that Lattice's financial statements fairly presented its financial condition.

    40.  In addition, the defendants not only falsely and materially overstated the Company's net income, earnings per share and deferred income for the Company's quarters of 2003 and materially understated accounts payable, but failed to file financial statements with the SEC which conformed to the requirements of GAAP, such that the financial statements were presumptively misleading and inaccurate pursuant to Regulation S-X, 17 CFR 210.4-01(a)(1).

    41.  As a result of its accounting improprieties, the Company's reported financial results (and the Individual Defendants) also violated at least the following provisions of GAAP for which each defendant is necessarily responsible:

    a)  The principle that financial reporting should provide information that is useful to present and potential investors and creditors and other users in making rational investment, credit and similar decisions was violated (FASB Statement of Concepts No. 1, ¶ 34);

    b)  The principle that financial reporting should provide information about the economic resources of an enterprise, the claims to those resources, and the effects of

Page 12 - **SECURITIES FRAUD CLASS ACTION COMPLAINT**

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
503/295-2924
503/295-3720 (facsimile)

transactions, events and circumstances that change resources and claims to those resources was violated (FASB Statement of Concepts No. 1, ¶ 40);

    c) The principle that financial reporting should provide information about how management of an enterprise has discharged its stewardship responsibility to owners (stockholders) for the use of enterprise resources entrusted to it was violated. To the extent that management offers securities of the enterprise to the public, it voluntarily accepts wider responsibilities for accountability to prospective investors and to the public in general (FASB Statement of Concepts No. 1, ¶ 50);

    d) The principle that financial reporting should provide information about an enterprise's financial performance during a period was violated. Investors and creditors often use information about the past to help in assessing the prospects of an enterprise. Thus, although investment and credit decisions reflect investors' expectations about future enterprise performance, those expectations are commonly based at leads partly on evaluations of past enterprise performance (FASB Statement of Concepts No. 1, ¶ 42);

    e) The principle that financial reporting should be reliable in that it represents what it purports to represent was violated. That information should be reliable as well as relevant to a notion that is central to accounting (FASB Statement of Concepts No. 2, ¶¶ 58-59);

    f) The principle of completeness, which means that nothing is left out of the information that may be necessary to ensure that it validly represents underlying events and conditions, was violated (FASB Statement of Concepts No. 2, ¶ 79); and

Page 13 - **SECURITIES FRAUD CLASS ACTION COMPLAINT**

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
503/295-2924
503/295-3720 (facsimile)

g) The principle that conservatism be used as a prudent reaction to uncertainty to try to ensure that uncertainties and risks inherent in business situations are adequately considered was violated. The best way to avoid injury to investors is to try to ensure that what is reported represents what it purports to represent (FASB Statement of Concepts No. 2, ¶¶ 95, 97).

**Defendants' Knowledge or Reckless Disregard
of the False and Misleading Financial Statements**

42. Defendants' false representations and material omissions were made with scienter in that: defendants knew or recklessly disregarded that each 2003 Form 10-Q, each corresponding press releases and statements issued or disseminated by Lattice with respect to the financial results were materially false and misleading as described above; knew or were reckless in not knowing that the false financial results would be issued or disseminated to the investing public; and knowingly and substantially participated in the preparation and/or issuance or dissemination of such statements or documents. The following factors indicate that defendants made the misrepresentations knowingly or with reckless disregard for the truth:

a) During the Class Period, Lattice issued $200 million of notes to qualified institutional buyers, the proceeds of which were used to redeem 4 ¾% notes due 2006, for working capital and for other general corporate purposes. Thus, maintaining an inflated stock price was crucial to sell the new notes to obtain much-needed funds.

b) Prior to the Class Period, the Company amended its Executive Incentive Plan which governs the grants of bonus payments to senior executives, including the CEO, President and certain Vice Presidents and Directors of Lattice. The total bonus amount

Page 14 - **SECURITIES FRAUD CLASS ACTION COMPLAINT**

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
503/295-2924
503/295-3720 (facsimile)

available is 7% of the Company's operating income. Thus, defendants had every incentive to falsify financial results to maximize bonus potential;

    c)  During the Class Period, Lattice's President of 13 years, Steven Laub, resigned for "personal reasons".

### COUNT 1

### For Violations of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5

  43.  Plaintiff incorporates by reference and realleges each of the foregoing paragraphs.

  44.  During the Class Period, defendants, individually and in concert, engaged in a plan, scheme, and course of conduct, pursuant to which they knowingly and/or recklessly engaged in acts, transactions, practices, and courses of business which operated as a fraud upon plaintiff and other members of the Class, and made various untrue and deceptive statements of material fact and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading to plaintiff and other Class members. The purpose and effect of this scheme was to induce plaintiff and the Class to purchase Lattice common stock at artificially inflated prices.

  45.  During the Class Period, defendants, pursuant to their plan, scheme and unlawful course of conduct, knowingly and/or recklessly issued, or caused to be issued statements to the investing public as described above, (including 2003 Forms 10Q and corresponding press releases,) as set forth in paragraphs 20 through 38 above.

  46.  Defendants knew and/or recklessly disregarded the falsity of the foregoing statements. As senior officers and/or directors of the Company, involved in its business and

Page 15 - **SECURITIES FRAUD CLASS ACTION COMPLAINT**

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
503/295-2924
503/295-3720 (facsimile)

operations, the Individual Defendants had access to the non-public information detailed above, by virtue of their receipt of periodic internal reports detailing actual sales, sales terms and other financial information.

47. Throughout the Class Period, Lattice acted through the Individual Defendants, whom it portrayed and represented to the press and public as its valid representatives. The willfulness, motive, knowledge, and recklessness of the Individual Defendants are therefore imputed to Lattice, which is primarily responsible for the securities law violations of the Individual Defendants while acting in their official capacities as Company representatives, or, in the alternative, which is liable for the acts of the Individual Defendants under the doctrine of *respondent superior*.

48. Each of the defendants knew or recklessly disregarded the fact that the above acts and practices, misleading statements, and omissions would adversely affect the integrity of the market in Lattice's common stock. Had the adverse facts defendants concealed been properly disclosed, Lattice's stock would not have sold at the artificially inflated prices it did during the Class Period.

49. As a result of the foregoing, the market price of Lattice common stock was artificially inflated during the Class Period. In ignorance of the false and misleading nature of the representations, plaintiff and other members of the Class relied, to their detriment, on the integrity of the market as to the price of Lattice common stock.

50. The price of Lattice common stock declined materially upon public disclosure of the true facts which had been misrepresented or concealed, as alleged in this

Page 16 - **SECURITIES FRAUD CLASS ACTION COMPLAINT**

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
503/295-2924
503/295-3720 (facsimile)

complaint. Plaintiff and other members of the Class have suffered substantial damages as a result of the wrongs alleged herein.

51.   By reason of the foregoing, defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

52.   By reason of their status as officers and/or members of management and as directors of Lattice, the Individual Defendants were "controlling persons" of Lattice within the meaning of Section 20 of the Exchange Act and had the power and influence to cause Lattice to engage in the unlawful conduct complained of herein. Because of their positions of control, the Individual Defendants were able to and did, directly or indirectly, control the conduct of Lattice's business, the information contained in its filings with the SEC and public statements about its business.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues.

**WHEREFORE,** plaintiff on its own behalf and on behalf of the Class prays for judgment as follows:

A.   Declaring this action to be a proper class action maintainable pursuant to Rule 23 of the Federal Rules of Civil Procedure and plaintiff to be a proper class representative and its counsel lead counsel;

B.   Awarding plaintiff and the Class compensatory damages, together with appropriate prejudgment interest at the maximum rate allowable by law;

C.   Awarding plaintiff and the Class their costs and expenses for this litigation including reasonable attorneys' fees and other disbursements; and

Page 17 - **SECURITIES FRAUD CLASS ACTION COMPLAINT**

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
503/295-2924
503/295-3720 (facsimile)

D.    Granting such other and further relief as this Court deems to be just and proper.

Dated:  September 2, 2004

                              WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.

                              By: _____
                              Brian S. Campf, OSB # 92248
                              Thomas B. Powers, OSB # 98393
                              Of Attorneys for Plaintiff

Of Counsel:

GOODKIND LABATON RUDOFF
& SUCHAROW LLP
Jonathan M. Plasse
Jplasse@glrs.com
Emily C. Komlossy
Ekomplossy@glrs.com
Christopher J. Keller
Ckeller@glrs.com
100 Park Avenue
New York, New York  10017
(212) 907-0700
(212) 818-0477 (facsimile)

PASKOWITZ & ASSOCIATES
Laurence Paskowitz
Classattorney@aol.com
60 East 42nd Street, 46th Floor
New York, New York  10165
(212) 685-0969
(212) 685-2306 (facsimile)

Page 18 - **SECURITIES FRAUD CLASS ACTION COMPLAINT**

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon  97204-1135
503/295-2924
503/295-3720 (facsimile)