IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re LATTICE SEMICONDUCTOR CORPORATION SECURITIES LITIGATION | Case No. CV04-1255-AA (Consolidated Cases)<br><br>OPINION AND ORDER |

Dennis J. Herman
Lerach Coughlin Stoia Geller Rudman & Robbins
100 Pine Street, Suite 2600
San Francisco, California 94111

William S. Lerach
Darren J. Robins
Joy Ann Bull
Lerach Coughlin Stoia Geller Rudman & Robbins
665 West Broadway, Suite 1900
San Diego, California 92101
    Lead Counsel for Plaintiffs

///

///

///

1    - OPINION AND ORDER

AIKEN, District Judge:

The consolidated complaint in this securities litigation class action was filed on January 27, 2005. Defendants filed a motion to dismiss on March 14, 2005. Plaintiffs filed a consolidated response to the motion to dismiss on April 15, 2005. The court heard oral argument on the motion to dismiss August 2, 2005. However, the under advisement date for the motion was moved to October 24, 2005, because a settlement conference had been scheduled for October 19, 2005. The settlement conference was duly held, but the case did not settle.

On January 3, 2006, the court issued a ruling granting in part and denying in part the motions to dismiss. A scheduling conference was held on February 16, 2006. On June 21, 2006, lead plaintiff filed a stipulation of settlement. On July 31, 2006, the court held a hearing to discuss initial approval of the settlement. An order preliminarily approving the settlement and providing for notice was entered on August 2, 2006.

On October 30, 2006, lead plaintiff filed an unopposed motion for 1) final approval of the settlement and plan of allocation of settlement proceeds; and 2) award of attorneys' fees and reimbursement of expenses. On November 6, 2006, the court held a hearing to finalize the settlement. At that time, the court indicated that it would approve the attorney fee award, but ordered lead counsel to submit supplemental briefing on

2   - OPINION AND ORDER

costs. The court granted the motion for settlement and entered a final judgment and order of dismissal with prejudice.

At the November 6, 2006 hearing, the court preliminarily allowed attorney's fees in the amount of 25% of the $3.5 million settlement, the sum of $875,000. The total number of hours spent on this litigation by lead counsel (an astonishing 10 lawyers and three paralegals)is 1,853. Lead counsel represents that the total lodestar amount for attorney and paralegal time, based on the firm's rates of between $675 and $425 per hour for partners, $325-350 per hour for associates, and $245-165 for paralegals, would be $673,557.50. Thus, even assuming the lodestar amount is reasonable, the attorney fees awarded in this case are equivalent to a multiplier of 23%.[1]

Twenty-five percent of the common fund is a benchmark award in this jurisdiction for attorney fees. See, e.g., Torrisi v. Tucson Elec. Power Co., 8 F.3d 1370, 1376 (9th Cir. 1993); Staton v. Boeing, 327 F.3d 938 (9th Cir. 2003). However, as the court noted in In re Infospace, Inc. Securities Litigation, 330 F. Supp. 2d 1203, 1210 (W.D. Wash. 2004), there is "nothing inherently reasonable about a 25 percent recovery, and the courts applying this method have failed to explain the basis for the

---

[1] Calculation of the lodestar, which measures the lawyers' investment of time in the litigation, provides a check on the reasonableness of the percentage award. Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1050(9th Cir. 2002).

3   - OPINION AND ORDER

idea that a benchmark fee of 25 percent is logical or reasonable." As the court observed, in class actions, particularly those involving securities fraud, the fee award is not proportional to the amount recovered by the individual class member; the compensation actually paid to class members typically represents only a fraction of their actual losses. Id.

In a thoughtful opinion, In re Quantum Health Resources, Inc. Securities Litigation, 962 F. Supp. 1254 (C.D. California 1997), Judge Taylor of the Central District of California noted 10 years ago the concerns of some courts about the method by which attorneys' fees are calculated and awarded in securities class action settlements. 962 F. Supp. at 1255-56. Judge Taylor described accurately the situation presented by this case:

> In the vast majority of cases, Class counsel appears before the court to request a big percentage of the settlement fund, cooperative settling Defendants offer no opposition, and class members rarely oppose the request. The court is abandoned by the adversary system and left to the plaintiff's unilateral application and the judge's own good conscience. The situation is a fundamental conflict of interest and is inherently collusive.

Id. at 1256. The court went on to note that "there is no inherent risk in the large majority of securities class action suits," and quoted, among others, William Lerach, lead counsel in this case, stating that his firm "achieves a significant settlement, although not always a big legal fee, in 90% of the cases we file." Id. at 1258. See also Infospace, 330 F. Supp.2d at 1208

4   - OPINION AND ORDER

(most securities fraud cases settle). This case was not complex, and any risks associated with bringing it were no greater than the risks presented in any other securities litigation.

Although lead counsel's fee request of $875,000 has been preliminarily approved, the court finds itself unable to acquiesce in lead counsel's application for another $100,000 in costs.

Lead counsel's request for costs includes $10,298.40 for travel expenses; $6,260.75 for photocopies; $32.41 for postage; $619.42 for telephone and facsimile; $458.36 for messenger and overnight delivery; $209.25 for filing and witness fees; $156.61 for court reporters' fees; $7,070.85 for online legal research, access to SEC filings, and media searches; $895 for class action notices and an item described as "business wire;" and $73,907.50 for experts, consultants and investigators, both in-house and outside. The total requested is $99,908.55.

Counsel asserts that under the common fund doctrine, lawyers who create a common fund are entitled to reimbursement of all litigation expenses that would normally be charged a paying client. This assertion rather overstates the authority. In fact, reimbursement for out of pocket expenses and costs of obtaining a settlement is subject to the same reasonableness requirement as an attorney fee request. See, e.g., <u>Vincent v. Hughes Air West Inc.</u>, 557 F.2d 759, 769 (9th Cir. 1977) and <u>Quantum Health</u>

5   - OPINION AND ORDER

Resources, 962 F. Supp. at 1259(under common fund doctrine, class counsel is entitled to reimbursement for reasonable out of pocket expenses and costs in obtaining a settlement). In addition to reasonableness considerations, the court must also be mindful of its role as fiduciary for the class plaintiffs. See In re Washington Public Power Supply Sys. Sec. Litigation, 19 F.3d 1291, 1302 (9th Cir. 1994).

The Declaration of Joy Bull in Support of Application for Award of Attorneys' Fees and Reimbursement of Expenses shows the following travel for the attorneys in this case:

On December 16, 2004, Tamara Driscoll made a round trip from Seattle to Portland for meetings with the litigation team.

On April 11, 2005, Ms. Driscoll traveled from Seattle to San Francisco, where she spent three days to "finalize opposition to motions to dismiss."

On August 1, 2005, Ms. Driscoll and Dennis Herman made an overnight visit to Portland, to prepare for and attend oral argument on motions to dismiss. Ms. Driscoll traveled from Seattle, Mr. Herman from San Francisco.

On October 18, 2005 Ms. Driscoll traveled from Seattle to Eugene, where she stayed overnight, for the purpose of attending the settlement conference and meeting with the litigation team and the client.

///

6 - OPINION AND ORDER

On October 18, 2005, Mr. Herman also traveled to Eugene, where he stayed overnight, to meet with the client and prepare for and attend mediation.

For these six very short trips to relatively inexpensive destinations, involving only seven nights of accommodations, counsel has requested expenses of over $10,000. Counsel has attached no receipts or other verification of amounts spent on air fares, hotels, and meals. In the absence of documentation demonstrating the reasonableness of these travel expenses, or an explanation of why lawyers' travel expenses should not be considered firm overhead already compensated by the 25% attorney fee award, the travel reimbursement is disallowed.

Counsel requests the sum of $6,260.75 for photocopies. According to Counsel's Supplemental Memorandum, this expense is for 25,043 pages copied at $0.25 per page. Counsel has provided no explanation of why this case should have generated over 25,000 pages of photocopies. Moreover, the court considers photocopying to be included in the firm's overhead already compensated by the 25% attorney fee award. These costs are disallowed.

The same reasoning applies to the requested $32.41 reimbursement for postage, $619.42 for telephone and facsimile, and $458.36 for messenger and overnight delivery costs. None of these requested costs has been documented, and the court considers them to be included in the firm's overhead already

7   - OPINION AND ORDER

compensated by the 25% attorney fee award.

The request for $209.25 for filing and witness fees is allowed.

The request for $156.61 for court reporters' fees is allowed.

The request for $7,070.85 for online research is denied for two reasons. First, the court considers online research to be included as firm overhead in the percentage fee already awarded; second, counsel has provided no documentation from which the court could determine the reasonableness of the amount incurred under the circumstances of this case.

The request for $895 for class action notices is granted.

The request for $73,905.50 for experts, consultants and investigators is denied. Counsel has provided no information from which the court can evaluate the reasonableness of this request. In the absence of documentation about how many hours were expended and by whom, how those hours were spent, hourly rates, results obtained, and use in the case, the court is unable to determine what portion of this large expense is reasonable under the circumstances.

Counsel is awarded $875,000 in attorney's fees and $1,260.86 as costs.

///

///

8  - OPINION AND ORDER

IT IS SO ORDERED.

Dated this 24 day of September 2007.

_____
Ann Aiken
United States District Judge

9  - OPINION AND ORDER