IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| In re LATTICE SEMICONDUCTOR CORPORATION SECURITIES LITIGATION | ) ) ) ) ) ) | Case No. CV04-1255-AA (Consolidated Cases)  OPINION AND ORDER |

Dennis J. Herman
Lerach Coughlin Stoia Geller Rudman & Robbins
100 Pine Street, Suite 2600
San Francisco, California 94111

William S. Lerach
Darren J. Robins
Joy Ann Bull
Lerach Coughlin Stoia Geller Rudman & Robbins
665 West Broadway, Suite 1900
San Diego, California 92101
        Lead Counsel for Plaintiffs

///

///

///

AIKEN, District Judge:

The matter before the court is lead counsel's request for a ruling on lead plaintiff's request for reimbursement of costs and expenses (doc. # 111).

Under the Private Securities Litigation Reform Act of 1995, a lead plaintiff is required to certify that he

> will not accept any payment for serving as a representative party on behalf of a class beyond the plaintiff's pro rata share of any recovery, except as ordered or approved by the court in accordance with paragraph (4).

15 U.S.C. § 78u-4(a)(2)(A)(vi). The share of any final judgment "award to a class representative ... shall be equal, on a per share basis, to" the amount awarded to other members of the class, except that

> nothing in this paragraph shall be construed to limit the award of reasonable costs and expenses (including lost wages) directly related to the representation of the class to any representative party.

Id. at § 78u-4(a)(4).

On October 30, 2006, lead plaintiff Jeffrey N. Thompson submitted a declaration in support of reimbursement. The two-paragraph declaration states that in "fulfillment of my responsibilities as Lead Plaintiff," he

> engaged in numerous conferences with Lead Counsel; reviewed the complaint; reviewed defendants' motions to dismiss; reviewed the opposition to the motions to dismiss; prepared for and attended the mediation; and provided input with respect to issues raised by defendants and the settlement negotiations.

Declaration of Jeffrey N. Thompson ¶ 2. Mr. Thompson states that his "best estimate of the time I spent on the case" is attached as Exhibit A. The total hours estimated are 100, comprising 70 hours spent on various litigation-related tasks, such as those listed above, and 30 hours of missed work as a teacher and coach (10 hours a day for October 18, 19 and 20, 2006). Mr. Thompson requests that he be compensated for 100 hours at his hourly wage of $38.09, for a total of $3,809.00.

As the court noted in its Opinion and Order of September 24, 2007, awarding $875,000 in attorney's fees and $1,260.86 in costs, lead counsel has represented to the court that 10 lawyers and three paralegals spent a total of 1,853 hours litigating this case, which settled after the briefing and argument of a motion to dismiss. In view of the legal resources and expertise committed to this case by professionals, I find it unnecessary and unreasonable for a teacher and coach residing in Kalispell, Montana, to spend 70 hours reviewing pleadings and briefs and doing research when 13 other legal professionals, as well as the experts, consultants and investigators for which lead counsel sought approximately $74,000 in costs, were engaged in the same or similar tasks. In addition, Mr. Thompson asserts that he spent three hours "reviewing information," three hours reviewing the dismissal papers, and two hours on a task he designates as "finish work." These entries are not sufficiently specific to

warrant compensation at the rate of $38.09 per hour.

Mr. Thompson's Exhibit A indicates that he missed three 10-hour days of work, on October 18, 19, and 20, 2006. There is no evidence before the court that these missed days of work were directly related to the representation of the class.

In the absence of any evidence that Mr. Thompson has incurred out of pocket expenses arising from his representation of the class in this case, or that the claimed missed days of work were directly related to representation of the class, the application for reimbursement of lead plaintiff Jeffrey Thompson (doc. # 111) is DENIED.

IT IS SO ORDERED.

Dated this _11_ day of _January_, 2008.

_____
Ann Aiken
United States District Judge

4    - OPINION AND ORDER